JULIUS DAY & others *vs.* ASAPH HULBURT & others.

Under the Rev. Sts. *c*. 115, commissioners, who are appointed to effect improvements in meadows or low lands, have no authority to assess damages in favor of any one, who is not a party to the proceedings instituted for such improvements, besides those who are mentioned in § 14 of that chapter: Hence, when the owners of certain meadows petition the court of common pleas for proceedings to improve the same, and commissioners are appointed, who cause a drain to be made, whereby water is thrown upon the adjoining meadows of other owners, to their injury, those owners have no remedy, under the provisions of that chapter, for the injury so sustained.

JULIUS DAY and twelve others presented to the court of common pleas, at June term 1843, a representation and petition, in substance as follows: That at the February term of

said court, in 1842, Asaph Hulburt and others presented to said court a petition, representing themselves to be proprietors of certain (described) meadow or low land, in West Springfield, which it would be useful to drain, by opening a ditch upon and across the same, and praying the court, after due proceedings had, to appoint three commissioners for that purpose, according to the provisions of 115th chapter of the revised statutes : That afterwards, at an adjourned term of said court, held in April following, the court appointed W. Child, E. Russell and W. H. Bowdoin, commissioners for the purpose aforesaid, who afterwards proceeded to the discharge of their duties, and opened and constructed a ditch or drain, commencing on land of J. Bagg, being the northerly part of said meadow or low land, and running thence through the same, in a southerly direction to the southerly limit mentioned in the said petition and in the said commissioners' commission ; which said ditch or drain was completed on or about the 30th of November 1842 : That the said Day and others were proprietors of lands lying southerly of the southern limit of said ditch or drain, and adjacent thereto, and that they were affected and aggrieved by the proceedings aforesaid, and by the doings of said commissioners, because, as the level of their said lands is lower than the level of the lands through and across which the said commissioners opened said ditch or drain, a very large quantity of water, lying in and upon the lands upon and across which said ditch or drain was opened by said commissioners, and which water was previously absorbed by the earth, &c. and did not flow down upon the lands of said Day and others, has been, since the making of said ditch or drain, and by means of the making thereof, thrown down upon their lands, and there has remained and stagnated, to their great injury: Wherefore they appealed to said court for a redress of their said grievance, and prayed that the court would pass such order or orders in the premises, as law and justice require.

The respondents, at the February term of the court of common pleas, in 1845, by order of the court, filed certain

Day & others *v.* Hulburt & others.

" specific allegations," one of which was as follows : " The respondents deny that the appellants' lands are injured by the opening of said drain, in the manner alleged." The appellants, by order of the court, filed a denial of all the allegations filed by the respondents.

The record of the following June term of said court contains (among other things) the following matter : " Upon a trial, at this term, on the fact whether or not the present appellants have been injured, as alleged by them, it appeared that the appellants were not parties to the original proceedings." " The facts having been ascertained by the court, by the consent of the parties, the court decided that the appellants have been aggrieved by the doings of the commissioners, and that their appeal shall be sustained. And the court ordered and directed, that the amount of damage of all and of each of the appellants shall be ascertained by a jury ; and that the amount thus found shall be assessed and collected, by the commissioners, upon the persons benefited, and paid over to the appellants. To these orders, and directions, and rulings, the appellees except, and their exceptions are allowed."

*H. Morris*, for the appellants. The Rev. Sts. *c.* 115, (" of proceedings for improving meadows, swamps, and low lands,") give the appellants such remedy as " law and justice shall require." By § 16, " if any person, whether he is a party to the proceedings, or is otherwise interested therein, shall find himself aggrieved by any doings of the commissioners, he may appeal to the court which appointed them ; " and by § 17, " the court, upon such appeal, may affirm, reverse or alter any adjudication or order of the commissioners, and make such order therein, as law and justice shall require."

The first question is, whether these appellants have any redress. If they have not, the statute is unjust, if not unconstitutional ; and the court will therefore so construe it, as to give them redress. *Gore v. Brazier*, 3 Mass. 540, 541. *Boston and Roxbury Mill Dam Corporation* v. *Gardner*, 2 Pick. 33.

The second question is, whether the appellants' redress is by the present appeal, and the order passed thereon by the court of common pleas. The authority of the court to sustain the appeal and to pass the order is conferred by § 17, before cited. On general principles, a jury is the proper tribunal to assess the appellants' damages.

*Ashmun,* for the respondents. These appellants have no right of appeal; for they were not parties to the prior proceedings, nor owners of the lands which were drained in consequence of those proceedings. The language of § 16 of *c.* 115, on which the appellants rely, is broad in its literal terms; but it is to be so construed as to give it an operation which is practical, and conformable to established rules of legal proceedings. It must therefore be confined to the persons mentioned in §§ 14, 15, namely, the owners of mills, the flood-gates of which the commissioners are authorized to open, or the owners of mill dams, through or round which the commissioners are authorized to make needful passages, or the owners of land on which the commissioners are authorized to erect a temporary dam. Such owner, though not technically a party to the proceedings, may appeal from the commissioners' proceedings.

In the present case, nothing is appealed from. No order or decree of the commissioners, from which an appeal can be taken, is set forth in the papers. No adjudication appears to have been made by them, on the subject of damages sustained by the appellants. See *Prescott* v. *Tarbell,* 1 Mass. 205. *Richardson* v. *Richardson,* 2 Root, 159. *Boynton* v. *Dyer,* 18 Pick. 1. *Grinnell* v. *Baxter,* 17 Pick. 383.

WILDE, J. This case comes before us on exceptions taken to the orders, directions, and rulings of the court of common pleas; and the question is, whether the same were authorized by the Rev. Sts. *c.* 115, on the construction of which the case depends. That court was of opinion, that the petitioners, who were appellants from the adjudication and order of the commissioners for the improvement of meadows, &c., appointed in pursuance of said chapter, were entitled to damages,

which were ordered to be ascertained by a jury; and that the amount thus found should be assessed and collected by the commissioners upon the persons benefited by their doings.

The only provisions which authorize the commissioners to assess damages in favor of any one, who is not a party to the proceedings, are contained in the 14th and 15 sections of *c.* 115 of the revised statutes, which enact, § 14, that "when the commissioners shall find it necessary or expedient to reduce or raise the waters, for the purpose of obtaining a view of the premises, or for the more convenient or expeditious removal of obstructions therein, they may open the flood-gates of any mill, or make other needful passages hrough or around the dam thereof, or erect a temporary dam, on the land of any person, who is not a party to the proceedings, and may maintain such dam, or such passages for the water, as long as shall be necessary for the purposes aforesaid." And by § 15, the commissioners are required to estimate such damages as may be occasioned thereby, unless agreed on between them and the parties concerned therein, and to pay the same out of the moneys to be assessed and collected by them, as provided by other sections of the chapter.

It appears that the appellants were not made parties to the proceedings, and they claim no damages by virtue of the said sections of chapter 115. That they should have been made parties appears, we think, from the 1st and 2d sections of the statute. By § 1, it is provided that when any meadow or low land "shall be held by several proprietors, and it shall be necessary or useful to drain or flow the same, or to remove obstructions in rivers or streams leading therefrom, such improvements may be effected, under the direction of commissioners, in the manner provided in this chapter." By § 2, the application for such proceedings is directed to be made by the proprietors of such meadow or low land, "or the greater part of them in interest;" and the court, to whom the application is made, is required to give notice thereof

"to the proprietors, if any, who have not joined in the petition, that they may appear and object thereto."

Now it is alleged by the appellants, in their reasons of appeal from the proceedings of the commissioners, and their application to the court for the redress of their grievances thereby, that the lands belonging to them were below and adjacent to the lands through which the commissioners had opened a ditch or drain ; and this allegation is not traversed or denied by the respondents. The lands of both parties, therefore, must be considered as forming one meadow, within the true meaning of the statute ; and all the proprietors should have been made parties, and the application should have been made by a majority in interest of all the proprietors. If the appellants, who were proprietors of the lower part of the meadow, had applied to the court to flow the upper part of the meadow belonging to the respondents, it could not be doubted, we think, that the latter should have been made parties. And the same reasons require that the appellants should have been made parties in the present case. In all such cases, the remedy provided by the statute for any damage sustained by any proprietor is full, adequate and convenient.

Whether these proceedings are void or voidable by the appellants, and, if they may be avoided, whether the appellants have a remedy, by a suit at law, for any damages sustained by them, are questions which we are not called upon to decide ; for however that may be, we are of opinion that they are not entitled to a remedy under the statute.

The result is, that the order and decision of the court of common pleas must be reversed, and that the application of the appellants for the assessments is to be dismissed.